[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
June 30, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-15353
Non-Argument Calendar
_____

D. C. Docket No. 02-00205-CR-CAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROSALIND JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 30, 2006)**

Before BLACK, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Rosalind Johnson appeals her conviction and 48-month sentence for 20

counts of making fraudulent and false statements on a tax return, in violation of 26 U.S.C. § 7206(2).

On appeal, Johnson first argues that the district court erred by overruling her objections to the admission of Federal Rule of Evidence 404(b) evidence. The objections concerned evidence about uncharged conduct and allegedly false or altered documents that Johnson presented at the audits of the fraudulent returns. She also argues that the district court should have granted her second motion for mistrial when the government's case agent testified to a matter that the government had conceded was inadmissible.

We review the district court's rulings on the admission of evidence for an abuse of discretion. *United States v. Henderson*, 409 F.3d 1293, 1297 (11th Cir. 2005), *cert. denied*, 126 S. Ct. 1331, 164 L. Ed. 2d 47 (2006). Rule 404 "is a rule of inclusion, and . . . accordingly [Rule] 404(b) evidence, like other relevant evidence, should not be excluded when it is central to the prosecution's case." *United States v. Jernigan*, 341 F.3d 1273, 1280 (11th Cir. 2003) (internal citations and quotations omitted).

In order to be admissible: (1) Rule 404(b) evidence must be relevant to an issue other than the defendant's character; (2) the prior act must be proved sufficiently to permit a jury determination that the defendant committed the act;

2

and (3) the evidence's probative value cannot be substantially outweighed by its undue prejudice, and it must satisfy Rule 403. *Id*.

The parties' main dispute concerns the third prong. We have stated that, "the probative value of the evidence must not be *substantially outweighed* by unfair prejudice. . . . [T]his determination lies within the sound discretion of the district judge and calls for a common sense assessment of all the circumstances surrounding the extrinsic offense, including prosecutorial need, overall similarity between the extrinsic act and the charged offense, as well as temporal remoteness." *Id*. at 1282 (internal citations and quotations omitted) (emphasis in original). The district court can also give a limiting instruction to reduce the risk of undue prejudice. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005) (per curiam).

First, the district court did not abuse its discretion by admitting evidence related to uncharged tax returns, an undercover investigation, and Johnson's submission of altered documents in the course of the Internal Revenue Service ("IRS") audit because the evidence was relevant to show intent, knowledge, and absence of mistake, and potential undue prejudice did not substantially outweigh the evidence's probative value.

Additionally, the district court's denial of Johnson's motion for mistrial was

not an abuse of discretion. The government agreed not to put in evidence the results of the audit of the 1300 tax returns, including tax deficiency of $2.6 million. Therefore, the case agent's testimony that "there were 1300 people, all with the same allegation," did not violate that agreement, and the jury never heard any evidence regarding the IRS's findings in that audit.

Next, Johnson argues that the evidence did not support the district court's deliberate ignorance instruction. We review a challenge to the substance of jury instructions *de novo*. *United States v. Stone*, 9 F.3d 934, 937 (11th Cir. 1993). "A deliberate ignorance instruction is appropriate only when there is evidence in the record showing the defendant purposely contrived to avoid learning the truth." *Id*. (citation omitted). Such an instruction is not appropriate where the evidence only points to either the defendant's actual knowledge or lack thereof. *Id*.

The district court's decision to give an instruction regarding deliberate ignorance is subject to harmless-error analysis. *See id*. Thus, because juries are presumed to follow the judge's instructions, the error is harmless as a matter of law where (1) "the jury was clearly instructed that a precondition to its application of the deliberate ignorance instruction was proof beyond a reasonable doubt that [the defendant] deliberately kept himself ignorant," and (2) the evidence was sufficient to support a conviction based on actual knowledge, but not necessarily

4

overwhelming. *Id*. at 937-39.

We do not need to decide whether the evidence supported a deliberate indifference instruction because even if such an instruction was erroneous, the error was harmless. The jury was instructed that it had to find deliberate ignorance beyond a reasonable doubt. Furthermore, the district court instructed the jury on actual knowledge, and the evidence supported a conviction based on actual knowledge.

Finally, Johnson argues that the district court erred, pursuant to *United States v. Booker*, 543 U.S. 220, 125 S. Ct. 738, 160 L. Ed. 2d 621 (2005), in sentencing her under a mandatory guidelines system. Johnson did not raise a constitutional objection to the district court's application of the guidelines, and therefore we review this issue only for plain error. *See United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir.), *cert. denied*, 125 S. Ct. 2935, 162 L. Ed. 2d 866 (2005).[1] Under plain-error review, an appellant must show that there was (1) an

---

[1]In order to raise a constitutional objection, a defendant must either refer to the Sixth Amendment, *Apprendi v. New Jersey*, 530 U.S. 466, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000) or other related cases, or the right to have the jury decide the disputed fact, or must challenge the judge acting as fact-finder with regard to sentencing. *United States v. Dowling*, 403 F.3d 1242, 1245 (11th Cir.), *cert. denied*, 126 S. Ct. 462, 163 L. Ed. 2d 351 (2005). An objection to the sufficiency of the evidence does not preserve a constitutional error. *Id*.

Johnson did not adequately preserve her *Booker* claim. First, she stipulated to the amount of loss and never argued that a jury was required to make that finding or that the government was required to prove the amount beyond a reasonable doubt. Further, she moved for a downward departure based on her argument that the court should reduce the "enormous" upward departure because there was substantial doubt as to the loss amount. In her motion, she mentioned the fact that

error, (2) that is plain, (3) that affects the appellant's substantial rights, and (4) that affects the fairness, integrity, or public reputation of the judicial proceedings. *Id*. "[I]n applying the third prong, we ask whether there is a reasonable probability of a different result if the guidelines had been applied in an advisory instead of binding fashion by the sentencing judge . . . ." *Id*. at 1301. The defendant bears the burden of persuasion with respect to establishing prejudice under the third prong. *Id*. at 1299.

Johnson cannot meet her burden to show prejudice under the third prong of plain-error analysis because nothing in the record indicates that the district court might have imposed a different sentence under an advisory scheme. In fact, the district court found that the sentence fulfilled the goals of punishment and deterrence.

Upon careful review of the record, and upon consideration of the parties' briefs, we find no reversible error. Accordingly, we affirm Johnson's conviction and sentence.

**AFFIRMED.**

---

the loss amount used to calculate her offense level was not proven at trial, but only in support of her argument that the amount of loss for the uncharged conduct was uncertain and exponentially increased her offense level, which she argued warranted a departure. These steps do not satisfy the *Dowling* standard.